8 F.3d 72
 303 U.S.App.D.C. 419
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Anthony SMITH, a.k.a., Anthony Tyler, a.k.a., Peter
Billings, Appellant.
 No. 91-3022.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 8, 1993.
Rehearing and Suggestion for Rehearing En Banc
Denied Jan. 10, 1994.
 
 Before: EDWARDS, WILLIAMS, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 Upon consideration of appellant's constitutional and evidentiary challenges to his conviction, the court finds his claims groundless for the reasons stated in the accompanying Memorandum. It is therefore
 
 
 2
 ORDERED and ADJUDGED that the conviction be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Anthony Smith was arrested on May 12, 1989, and indicted in the Superior Court of the District of Columbia ("Superior Court") on three counts: (1) possession of illegal controlled substances, D.C.Code Ann. § 33-541(a)(1); (2) unlawful possession with intent to distribute a controlled substance while armed, D.C.Code Ann. § 22-3202; and (3) possession of a firearm during the commission of a dangerous offense, D.C.Code Ann. § 22-3204. After nearly four months of pre-trial confinement, the Government decided to transfer Smith's case to federal court. However, rather than seeking a dismissal from Superior Court, the Government asked for a continuance in order to keep Smith incarcerated pending his reindictment in federal court. The Superior Court denied the Government's request and, on September 25, 1989, Smith's case was dismissed for want of prosecution.
 
 
 5
 On October 10, 1989, the Government re-indicted Smith in the United States District Court for the District of Columbia ("District Court") on possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B)(iii) and on use of a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c). Smith failed to appear for arraignment and a bench warrant was issued for his arrest. He was subsequently apprehended in New York City on August 23, 1990.
 
 
 6
 At his federal trial, Smith presented only one witness, Laura Jeanette Douglas. Douglas testified that she went with Smith to a party at the apartment where Smith was arrested. Trial Transcript ("Tr.") at 122, 124, reprinted in Record Material for Appellee ("R.M.") § A. She also testified she did not see the black pouch in which police later found cocaine base. Tr. at 132. On cross-examination, the Government asked Douglas a series of questions to probe whether it was possible that Smith had the pouch, but Douglas simply was unable to see it. Smith's counsel objected that the Government's line of questioning assumed an ultimate fact in the case. Tr. at 145-47. The District Court overruled the objection. Tr. at 147. Smith was convicted on November 1, 1990.
 
 
 7
 Smith now appeals his conviction on three grounds: (1) that the Government's transfer of his case from Superior Court to District Court was conducted in bad faith and violated his Fifth Amendment due process rights; (2) that the time between his original arrest and his trial in District Court offended his Sixth Amendment right to a speedy trial; and (3) that the District Court erred when it ruled the Government was properly questioning Smith's sole witness.
 
 
 8
 As we find Smith's claims to be unsupported by the record, we affirm his conviction. Smith's evidentiary challenge is obviously groundless. His Fifth and Sixth Amendment claims, however, warrant brief comment.
 
 A. Fifth Amendment Due Process Claim
 
 9
 We held in United States v. Mills, 925 F.2d 455 (D.C.Cir.1991), vacated and replaced in part on other grounds, 964 F.2d 1186 (D.C.Cir.), cert. denied, 113 S.Ct. 471 (1992), that there are two possible bases for prevailing on a due process claim stemming from a prosecutor's decision to transfer a case from Superior Court to District Court. The first is when there is a "realistic likelihood" that the prosecutor chose to transfer the case in retaliation for the defendant exercising one of his constitutional rights. Mills, 925 F.2d at 463. The second is when the defendant can show: (1) that the Government delayed bringing the indictment in order to gain a tactical advantage; and (2) that the delay caused him actual and substantial prejudice. Id. at 464 (citing United States v. Fuesting, 845 F.2d 664, 669 (7th Cir.1988)).
 
 
 10
 Smith has failed to support his general assertion that the Government acted with the requisite bad faith to sustain a due process challenge. No argument was advanced that the Government's decision to transfer Smith's case was retaliatory. Instead, Smith merely asserts that the Government acted with bad faith in asking for a continuance rather than a dismissal in Superior Court. That allegation alone is insufficient to prove a due process violation for prosecutorial misconduct. For one thing, the Government's motion was denied. Further, we can perceive no "tactical advantage" that was gained by the Government, and none is cited. Finally, the record does not show that Smith suffered actual and substantial prejudice.
 
 B. Sixth Amendment Speedy Trial Claim
 
 11
 A constitutional speedy trial challenge is analyzed using the four factor balancing test first articulated by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 530-32 (1972). The four factors are: (1) the length of the delay; (2) the reason for the delay; (3) how forcefully the defendant asserted his speedy trial right; and (4) whether the defendant was prejudiced by the delay. Id.
 
 
 12
 Smith did not raise a Sixth Amendment claim in the District Court. We recognize that Barker cautions against applying the doctrine of waiver to speedy trial claims and instead directs us to consider the defendant's assertiveness as part of the four factor analysis. Id. at 528. However, because the Sixth Amendment question was not presented at trial, the record is wholly inadequate to permit us to properly weigh the factors outlined in Barker. Smith argues the Government is responsible for a seventeen-month delay from the time he was first arrested to the time his federal trial began. For ten of those months Smith was unincarcerated and presumably living in New York City. Smith has offered no reason to attribute that lapse to the Government. On this sparse record, we have no basis upon which to find that the delay before Smith's federal trial offended the Sixth Amendment.